# Wytheville.

## SAYERS v. SAYERS & AL.

### JUNE 19th, 1894.

LIMITATION OF ACTION—*Maturity of obligation.*—Suit on note made payable on its face "one day after date out of proceeds of sale of furnace," not brought within five years after maker has realized from such sale more than enough to pay the note, *held,* barred by limitation.

Error to judgment of circuit court of Wythe county, rendered at its October term, 1892, in an action of debt, wherein S. R. Sayers was plaintiff and Robert Sayers and N. P. Oglesby were defendants. The judgment being adverse to the plaintiff, he brought the case here upon a writ of error. Opinion states the case.

*Fulton & Fulton* and *Robert Sayers, Jr.,* for plaintiff in error.

*Walker & Caldwell,* for defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

Prior to the 5th day of March, 1881, Robert Sayers, S. R. Sayers, and N. P. Oglesby were joint and equal owners of an iron furnace in Wythe county, Va., and were partners in the manufacture of charcoal pig-iron, under the firm name of Sayers, Oglesby & Co., and said firm engaged likewise in merchandizing. On the 5th day of March, 1881, the said firm discontinued the business of making iron; and, on a settle-

ment, it was ascertained that S. R. Sayers was in advance to the firm of Sayers, Oglesby & Co. to the amount of $2,681 55; of which sum Robert Sayers owed $944 80, and N. P. Oglesby $1,736 75. To close up this settlement, the instrument sued on in this case was made and signed, as follows:

"One day after date we promise to pay Samuel R. Sayers two thousand six hundred and eighty-one dollars and fifty-five cents, value received of him, being the amount overpaid by him in the settlement of Sayers, Oglesby & Co.'s matters, as per statement made this day, and papers filed with statement. It is agreed and understood that Robert Sayers has to pay to Samuel R. Sayers $944 80, and Nicholas P. Oglesby has to pay to said Samuel R. Sayers $1,736 75; and that Samuel R. Sayers agrees that the said amount shall be paid out of the proceeds of the furnace. Witness our hands, this 5th day of March, 1881.

"ROBERT SAYERS,

"N. P. OGLESBY."

In August, 1890, S. R. Sayers brought this action of debt on this note given by Robert Sayers and N. P. Oglesby, dated the 5th of March, 1881, and due one day after date. The defendants pleaded that the cause of action did not arise in five years before the suit was brought; to which the plaintiff replied generally, and the court, to whom the matter was referred upon facts agreed, gave judgment for the defendants. This writ of error is to the said judgment; and the question presented to this court is: When did the cause of action arise on the promissory note sued on, and dated March 5, 1881, and payable one day after date, as aforesaid?

Soon after the note sued on was executed, a chancery suit to sell the furnace and real estate belonging to the firm for partition, resulted in a decree for sale; and it was sold under the decree of the court for the price of $21,000; one-fourth cash, and the balance in three equal annual instalments, with inter-

est.   At this sale N. P. Oglesby, James Crockett, J. W. Robin-
son, and D. P. Graham became the purchasers—each one-fourth.
Thus N. P. Oglesby was both seller and buyer.   Immediately
after this sale and purchase James Crockett, N. P. Oglesby, D.
P. Graham, and M. B. Tate entered into a partnership and car-
ried on business at the said old stand under the firm name of
Crockett & Co.   The purchase-money notes of these purchasers
were paid off by the new firm as they fell due, the last being
paid December 5, 1885, and the first having been paid off March
11, 1882.   In making his payments on these purchase-money
notes N. P. Oglesby paid no money, but gave receipts for the
one-third of the proceeds of the sale coming to him, and took
credit on the purchase-money notes held by the commissioner
of sale.

The note sued on was due on its face one day after date,
March 5, 1881, and though made payable out of the proceeds
of the furnace, more than enough was realized by N. P. Og-
lesby out of the cash payment, and the first deferred instal-
ment of sale money, to pay the debt sued on; and the cause
of action arose on the 11th of March, 1882, when the first note
was paid off.   The said N. P. Oglesby realized out of the pro-
ceeds of sale of the furnace about $1,500 in cash payment, and
out of the first instalment of deferred payment, March 11,
1882, about $1,850, more than enough to pay the whole of the
note in controversy.   It is true that he received the greater
part of this sum in credit upon his purchase-money note for
the property of which he was a buyer, as well as a seller; but
that was proceeds of the sale of the furnace.   The whole of
the purchase money at commissioner's sale was due March 5,
1885, and this suit was not brought until August, 1890, more
than five years after the cause of action on the note sued on
arose.

The promise to pay is expressly one day after date of March
5, 1881, and though made payable out of a particular fund,
the realization of that fund was within the control of Oglesby,

the promisor.    *McDowell* v. *Goodwin*, 12 Amer. Dec., 685; *Cobb* v. *Fountaine*, 3 Rand., 484.

The cause of action arose more than five years before the suit was brought, and the circuit court did not err in the judgment complained of, which is affirmed.

JUDGMENT AFFIRMED.